UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 1 6 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Ethel Whitt, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **12 0608** |
| ) | |
| John F. Whitt, Jr., ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a resident of Tuscaloosa, Alabama, suing another resident there with the same surname. Plaintiff seeks $1,000 that she appears to claim is her share of an income tax return from 2001. The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because the parties are not of diverse citizenship and the amount in controversy is

well below the statutory minimum. A separate Order of dismissal accompanies this

Memorandum Opinion.

Date: April 4th, 2012

                                                        United States District Judge